UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONALD SERIGNE**                                     **CIVIL ACTION**

**VERSUS**                                                     **NO: 11-3160**

**DEPUTY JASON PREVEAU, ET AL.**              **SECTION: "R" (4)**

### ORDER

Before the Court is a **Motion to Compel and/or Determine the Sufficiency of Discovery Responses (R. Doc. 41)** filed by Plaintiff, Ronald Serigne, ("Serigne") seeking an Order from this Court compelling Defendants, Deputy Jason Preveau, et al., ("St. Bernard") to respond to two Rule 34 and one Rule 33 discovery requests, as well as to grant reasonable attorney's fees and costs arising in connection with the instant motion. The motion is opposed (R. Doc. 43), and Serigne has filed a Reply (R. Doc. 47). The motion was heard by oral argument on Wednesday, April 10, 2013.

**I.   Background**

This is a suit involving an alleged incident that occurred on or about December 28, 2010, in which Serigne was pulled over by St. Bernard Parish Sheriff's Office Deputy Preveau at 2:00 a.m. (R. Doc. 13, p. 4).[1]  Serigne alleges that once he had stopped his vehicle, "one of the defendant

---

[1] Serigne's original complaint was brought on December 27, 2011 (R. Doc. 1), and he has duly amended it twice. (R. Docs. 13, 22). Because his First and Second Amended Complaints incorporate the allegations of his original Complaint by reference, citation to each document will be made where it appropriately designates the most recent statement on the point at issue.

officers crashed and broke the driver side window with what was believed to be a police baton and reached in and sprayed Serigne with pepper spray." *Id.* Serigne then alleges that he exited his vehicle as ordered by the officers, was told to walk to the rear of his vehicle, but requested assistance because he was blinded and suffering from a torn ACL. *Id.* at 5. He alleges that "instead of offering assistance, the defendant officers yelled accusations that [he] was intoxicated and then demanded he kneel on the ground." *Id.* Serigne then alleges that the officers threw him to the ground and that "two other officers detained him by stretching his arms out crucifix style." *Id.* Once in this position on the ground, Serigne alleges that the officers struck him continuously with their hands and feet. *Id.*

Serigne alleges that during the course of these events one officer commented to Preveau, "you knocked him out," and all the officers laughed in response. *Id.* at 5. Serigne then alleges that near the end of the beating, which lasted for at least several minutes, he was tased four times. *Id.* at 6. He alleges that as a result of the attack he has sustained "bruises and contusions to his right ribs and his chest, two black eyes, a deviated septum, aggravation of lumbar injuries, cervical neck injuries, aggravation of left knee injury, laceration to his head requiring seven stitches, permanent disfigurement and scarring to his face." *Id.*

Serigne brought suit in federal court on December 27, 2011, suing several members of the St. Bernard Parish Sheriff's Office, as well as the St. Bernard Sheriff's Department. *Id.* at 6.[2] He

---

[2]The specifically named defendants are Deputies Jason Preveau, James Norsworthy, Lance Kramer, James Serpas, and Corporeal Marco Spicuzza, individually and as officers of the St. Bernard Parish Sheriff's Department. Serigne has also sued Jack Stephens, individually and a former Sheriff of the St. Bernard Parish Sheriff's Department. Serigne has also sued the St. Bernard Parish Sheriff's Department through its current Sheriff, James Polhman.

alleges that St. Bernard's policy and custom was to inadequately supervise and trained its deputies, which led to violations of his Constitutional Rights under the Civil Rights Act of 1964, 42 U.S.C. § 1983. *Id.* at 2, 6-7. He has also claimed damages for violation of Louisiana tort law, which include "assault and battery, malicious prosecution, abuse of process, fault, negligence, and gross negligence." *Id.* at 7.

As to the instant motion, Serigne argues that on May 31, 2012 he propounded, *inter alia*, Interrogatories and Requests for Production of Documents upon St. Bernard. (R. Docs. 41-1, p. 2; 41-2, p. 15). Serigne now argues that the responses he received from St. Bernard on October 3, 2012 are insufficient, and requests an Order from this Court compelling complete responses, as well as an award of reasonable attorney's fees and costs. The motion is opposed.

## II. <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d

1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 33 provides that a party may request another party to respond to up to 25 written interrogatories, including discrete subparts. Rule 33(a)(1).[3] "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." *Id.* at (b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. . . . The grounds for objecting to an interrogatory must be stated with specificity." *Id.* at (b)(3)-(4).

Rule 34 provides that a party may request another party to produce "any designated

---

[3] Under the "discrete subparts" rule, "the court retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Amir Athletic, LLC v. State Farm First and Casualty Co.*, No. 11-2082, 2012 WL 520658, at *2 (E.D. La. Feb. 16, 2012). Where analysis of "subparts" yields more than 25 interrogatories, courts have found that a party to whom excessive interrogatories had been propounded had an obligation to respond to the "first" 25 Interrogatories which constitute discrete questions, and strike the rest. *See, e.g.*, *Lower River Marine, Inc. v. USL-497 Barge*, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007) (Roby, M.J.); *Paananen v. Cellco Partnership*, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories."). Since the only Interrogatory for which Serigne seeks relief in this motion is No. 15, the Court has reviewed Serigne's Interrogatires Nos. 1-15 and found that although they contain several discrete subparts, the total number of such subparts remains below 25. Therefore, the Court need no reach consideration of the merits of each of Serigne's Interrogatories, nor consider whether Interrogatory No. 15 should be stricken in whole or in part.

documents or electronically stored information . . . stored in any medium from which information can be obtained." Rule 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at (b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Rule 37(a)(3)(B). Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(1).

### III.  Analysis

#### A.  Timeliness of St. Bernard's Responses

As to the instant motion, Serigne argues that on May 31, 2012 he propounded, *inter alia*, Interrogatories and Requests for Production of Documents upon St. Bernard. (R. Docs. 41-1, p. 2; 41-2, p. 15). Serigne argues that after he propounded the discovery on May 31, 2012, he permitted St. Bernard a "two week extension" on August 15, 2012. (R. Doc. 41-3, p. 2). Serigne then

contacted St. Bernard by letter on September 5, 2012, and by telephone on September 19, 2012. (R. Doc. 41-3, pp. 1-2). On September 24, 2012, Serigne again wrote St. Bernard, and stated "[p]lease produce your client's discovery responses before the end of the week or we will have no choice but to move to compel discovery." *Id.* at 2. On October 3, 2012, St. Bernard enclosed its responses. (R. Doc. 41-4).

As noted above, both Rule 33 and Rule 34 mandate that a party's discovery responses be provided within 30 days of receipt. Although only Rule 33, but not Rule 34, provides that an untimely response leads to waiver of objections, "[a]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d at 1156. Courts have found that under Rule 34(b), a party's failure to respond to discovery requests operates as a "waiver of its objections, unless the court excuses that failure for good cause." *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 153 (S.D. Tex. 2009). "Generally, in the absence of an extension of time or good cause, the failure to file a written response in the time fixed by the rule constitutes a waiver of any objection." *Ordoyne v. McDermott, Inc.*, No. 99-3456, 2000 WL 1154616, at *1 (E.D. La. Aug. 14, 2000). *See also B & S Equipment Co. v. Truckla*, Nos. 09-3862, 10-832, 10-1168, 10-4592, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011) (citations omitted) (finding that "the waiver provision applie[s] to both Rules 33 and 34."); *Boles v. National Heritage Realty, Inc.*, 2010 WL 3087472, at *6 (N.D. Miss. Aug. 6, 2010) ("Rule 34 requires that a response to a request for production - including objections - must be served within thirty days of service of the request.").

Here, St. Bernard's responses were due no later than June 31, 2012, and that St. Bernard

6

failed to respond by that time. Even assuming *arguendo* that the "two week extension" provided by Serigne on August 15, 2012 was a valid means of extending St. Bernard's discovery response deadline, this too would have expired on September 29, 2012. St. Bernard in fact propounded discovery on October 3, 2012. In these circumstances, St. Bernard has clearly waived its objections to Serigne's Interrogatory No. 15 under the plain language of Rule 33.

As to its Rule 34 responses, the Court notes that St. Bernard's opposition asserts legal arguments for why production of certain requested documents is irrelevant, there is no indication that St. Bernard informed *Serigne* of its reasons for objecting prior to the time discovery was received. *See Enron*, 258 F.R.D. at 154-58 (finding that party's late discovery responses did not lead to finding of "egregious bad faith" where, *inter alia*, correspondence to opposing party detailed legal basis for failure to timely respond). Moreover, St. Bernard never explains why its responses were propounded after either the original or extended deadlines. In these circumstances, the Court has no basis to conclude that St. Bernard had "good cause" for its failure to produce Rule 34 discovery responses. As such, all of its objections thereto have also been waived.

    **B.**    **Specific Requests and Arguments**

        **1.**    **Interrogatory No. 15**

**Interrogatory No. 15:**
If within the past five years, the department has received citizen complaints alleging police brutality, negligence, misconduct, or abuse of lawful authority please identify:
- a. when such complaints were filed;
- b. the name(s) and address(es) of the complainants;
- c. the substance of the charges made by the complainants;
- d. whether the complaints were filed against any of the individual officers named in plaintiff's complaint;
- e. whether the complaint is still kept on file;

    f. if so, the present custodian of any such records or complaints.

**ANSWER TO INTERROGATORY NO. 15:**
  Objected to on the grounds that this Interrogatory is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

(R. Doc. 41-2, pp. 9-10; 41-4, p. 11). In support of his motion, Serigne argues that the information requested is not overly broad, because such information is relevant to establishing whether St. Bernard had a policy of disregarding "brutal and unnecessary" actions of members of its police force. (R. Doc. 41-1, pp. 3-4) (citing, *e.g.*, *Cannon v. Lodge*, No. 98-2859, 1999 WL 600374, at *1 (E.D. La. Aug. 6, 1999)

  Serigne also argues that St. Bernard may not limit its request to "only those complaints that were sustained through the department's Internal Affairs Investigation" because Serigne's contention is that St. Bernard failed to properly screen, train, supervise and/or discipline its employees, and investigation of the same includes inspection of all complaints, whether in the custody of Internal Affairs or elsewhere. *Id.* at 4-5

  In opposition, St. Bernard argues that Interrogatory No. 15 is overbroad as the incident occurred on December 28, 2010; however, the request extends forward until May 31, 2012. (R. Doc. 43-1, p. 2). Defendants argue that any complaints made after the date of the incident would be irrelevant. *Id.* Further, St. Bernard argues that the bare fact that a "citizen complaint" was lodged against any St. Barnard Parish officer is irrelevant; instead, the issue is whether there were any complaints lodged against any of the *subject* officers.

  At oral argument, Serigne reiterated his arguments that the discovery was relevant to his claims in the case. The Court asked St. Bernard to explain why its objection, on the basis of

8

overbreadth, had not been waived by its failure to respond. St. Bernard stated that it had produced all "sustained" complaints against the officers; the Court noted that such a response was insufficient given the language of Serigne's Interrogatory, which requested "received" complaints. Accordingly, the Court ordered St. Bernard to respond to Serigne's Interrogatory by listing all complaints, sustained, unsutained, or otherwise.

St. Bernard further argued that no records of the time after the alleged incident occurred were relevant. The Court also rejected this argument, finding that even if such post-accident evidence was not ultimately *admissible*, for purposes of discovery it was still *relevant*, as a failure to properly train or supervise would manifest itself in citizen complaints even after date of the complained-of incident, and therefore could lead to the discovery of admissible evidence. As such, the Court ordered St. Bernard to respond in full to Interrogatory No. 15 for the entire 5-year time period which Serigne requested. The Court ordered St. Bernard to produce this discovery no later than 10 days after the issuance of the Court's written Order.

### 2. Request for Production No. 6

Request for Production No. 6, and St. Bernard's response, are as follows:

**Request No. 6:**
Copies of all liability policies that might provide protection and/or coverage for the incident, including any other policy held by your insured that might provide additional coverage.

**RESPONSE TO REQUEST NO. 6:**
The St. Bernard Parish Sheriff's Office is self-insured through the Louisiana Sheriffs Law Enforcement Program which is administered by Mount Claims Service, LLC. A copy of the Fund Agreement has been requested and will be provided upon receipt.

(R. Docs. 41-2, p. 5; 41-4, p. 15). In support of his motion, Serigne argues that it has requested the

9

information in order to determine whether St. Bernard had any "additional coverage." (R. Doc. 41-1, p. 6). However, he argues although St. Bernard stated that it would produce a copy of the insurance policies once they are received, in the nearly five months that have elapsed these documents have not been produced. *Id.*

In opposition, St. Bernard states that "a copy has been requested but has not been received," although St. Bernard does not indicate *when* a copy was requested. (R. Doc. 43-1, p. 4). St. Bernard also argues that under Federal Rule of Evidence 411, evidence of liability insurance is irrelevant to determine a party's fault. However, St. Bernard does not respond to Serigne's proffered reason for the discvoery - i.e., that copies of such policies will establish whether St. Bernard has additional insurance covering these claims.

At oral argument, Serigne acknowledged that he had received a copy of the requested discovery from St. Bernard the day before the hearing, and therefore his request was moot as to Request No. 6. The Court so noted.

### 3.     Request for Production No. 8

Request for Production No. 8, and St. Bernard's response, are as follows:

> **Request No. 8:**
> Copies of all personnel files, internal affairs investigative files and all records of disciplinary action concerning all named defendants.
>
> **RESPONSE TO REQUEST NO. 8:**
> Defendants object to the production of personnel files of the defendants which contain materials of a purely personal nature; however, in a spirit of cooperation, the defendants attach hereto records contained in the personnel file pertaining to application for employment with the St. Bernard Parish Sheriff's Office, any personnel action forms, any training certificates, any disciplinary action or any policies and procedures contained within each defendant's personnel file. The defendants object to production of any internal affairs investigative files which did

> not result in a sustained complaint as these records would not be relevant and would not be reasonably calculated to lead to the discovery of admissible evidence.

(R. Docs. 41-2, p. 5; 41-4, pp. 15-16). In support of the motion, Serigne argues that St. Bernard has failed to produce the complete personnel files, but instead has produced only "limited material from the individual personnel files of the named defendants." (R. Doc. 41-1-, p. 5). Serigne argues that St. Bernard's objection - that the discovery is not likely to lead to admissible evidence - is erroneous for the same reasons as is their objection to Interrogatory No. 15. *Id.*

In opposition, St. Bernard argues that Serigne's request includes production of copies of all unsustained complaints against the defendants, which are not "relevant" under the Federal Rules of Evidence. (R. Doc. 43-1, pp. 5-6). St. Bernard also argues that several of the "non-sustained complaints" were registered after the incident in question, and that such post-incident complaints are irrelevant. *Id.* at 6. St. Bernard further contends that such post-incident complaints will not show whether it failed to properly train and supervise its officers, or that it had knowledge of any defects in training at the time the incident occurred. *Id.* at 6-7.

As noted above, St. Bernard's objections to the discovery should be waived due to their failure to timely respond or otherwise provide "good cause." However, the issue of whether the discovery requested is "relevant" remains subject to the Court's broad authority under Rule 26 to limit discovery to all "relevant" evidence, and as noted above "relevant" discovery includes information that is *likely* to lead to the discovery of admissible evidence. *See* Rule 26(b)(1).

Additionally, other courts in this district, while allowing discovery of disciplinary action as contained in a particular officer's personnel file, have done so without limiting the relevant time period for production of the same. *See Chauvin v. Lee*, No. 99-2200, 2000 WL 567006, at *1-*3

11

(E.D. La. May 8, 2000) (compelling production after *in camera* review); *Cannon*, 1999 WL 600374 at *1, *9 (compelling production subject to entry of a protective order). The requested discovery should be produced in this case.

At oral argument, St. Bernard argued that it had produced the personnel files with the exception of the officers' private addresses and social security information, which had been redacted. Serigne had agreed to these redactions and the Court found them to be proper.

According to St. Bernard, the only remaining point of contention was whether St. Bernard was obligated to produce the internal affairs files on all complaints. St. Bernard contended that it had produced the "sustained" complaints, but had not produced the "unsustained" complaints for the entire five-year period, again arguing that post-incident complaints were not relevant.

The Court overruled St. Bernard's objection as to the substantive and temporal scope of Serigne's request for the same reasons as stated in connection with their objection to Interrogatory No. 15, and ordered production of all complaints, sustained or unsustained, for the entire 5-year period. The Court ordered St. Bernard to produce this discovery no later than 10 days after the issuance of the Court's written Order.

### C.     Attorney's Fees

Serigne also requests an award of reasonable attorney's fees and costs arising in connection with the instant motion. (R. Doc. 41, p. 1). Rule 37 provides that a party who prevails on a Rule 37 motion is entitled to an award of attorney's fees unless the opposing party's conduct was "substantially justified." Rule 37(a)(5)(A)(ii).

At oral argument, St. Bernard re-urged its request for fees, stating that it had prevailed on

the legal issues of the motion.  In opposition, St. Bernard asserted that it had a good faith argument for why it had withheld some portions of Serigne's discovery requests, and that it had already produced a considerable amount of discovery to Serigne.

The Court found that St. Bernard's failure to respond was not substantially justified, especially in light of the failure to respond despite Serigne's numerous extensions.  The Court found that while St. Bernard may have had valid objections at one time, these objections had been waived due to its repeated failure to timely respond either to Serigne's original request, or his extensions, which now made St. Bernard's overall delay in response almost 10 months in total.  As such, St. Bernard's assertion of its objections either in its eventual responses or at oral argument was not reasonable, and the Court awarded Serigne her reasonable fees and costs arising in connection with bringing the instant motion.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Ronald Serigne's, ("Serigne") **Motion to Compel and/or Determine the Sufficiency of Discovery Responses (R. Doc. 41)** is **GRANTED** in part and **DENIED AS MOOT** in part.

It is **GRANTED** as to Serigne's Interrogatory No. 15 and Request for Production No. 8. Defendants, Deputy Jason Preveau, et al., ("St. Bernard") shall respond to Serigne's Interrogatory No. 15, and his Request for Production No. 8, no later than 10 days after the issuance of this Order.

It is **DENIED AS MOOT** as to Serigne's Request for Production No. 6.

**IT IS FURTHER ORDERED** that Serigne's motion for attorney's fees is **GRANTED**.

Sergine shall file a motion to fix attorney's fees into the record by **Wednesday, May 8, 2013**, along with: (1) an affidavit attesting to his attorney's education, background, skills, and experience; (2) sufficient evidence of rates charges in other cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **Wednesday, May 15, 2013**, and the motion shall be heard on that date **without oral argument.**

New Orleans, Louisiana, this 25th day of April 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

14