UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD SERIGNE                              CIVIL ACTION

VERSUS                                      NO: 11-3160

PREVEAU ET AL.                              SECTION: R

<u>**ORDER AND REASONS**</u>

Plaintiff, Ronald Serigne, moves to supplement his witness list after this Court's deadline.[1] For the following reasons, plaintiff's motion is granted, and this Court's scheduling order is modified as set forth below.

**I. BACKGROUND**

The Court issued a scheduling Order in this excessive force case on December 13, 2012.[2] That Order provided that the parties must file their witness list by June 3, 2013.[3] The Order also provides that the Court would not permit "any witness, expert or fact, to testify" unless the party complied with the scheduling Order, or this Court issued an order approving the witness "for good cause shown."[4]

---

[1] R. Doc. 72.

[2] R. Doc. 39.

[3] *Id.* at 2.

[4] *Id.*

Plaintiff filed this motion on July 10, 2013, and asks this Court to allow him to supplement his witness list with an additional medical provider, Dr. Graham.[5] Defendants oppose plaintiff's motion.[6]

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b) authorizes district courts to control and expedite the discovery process through a scheduling order. *See* Fed. R. Civ. P. 16(b). Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("[O]ur court gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979))). The Federal Rules of Civil procedure specifically authorize the Court to sanction a party for failing to comply with its scheduling order by excluding evidence. *See* Fed. R. Civ. P. 16(f), 37(b)(2).

In *Geiserman*, the Fifth Circuit listed four factors that a court should consider in exercising its discretion to exclude evidence: (1) a party's explanation for its failure to timely identify its witnesses and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the

---

[5] R. Doc. 72.

[6] R. Doc. 75.

admission of the exhibits or testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman*, 893 F.2d at 790. *See also Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

As to the first factor, Serigne argues that his proposed witness, Dr. Graham, treated him for the first time on June 26, 2013.[7] He excuses his delay because he had limited funds and prioritized his injuries by severity. His nose injuries were not urgent,[8] and Serigne argues that he went to Dr. Graham as soon as he could.

As to the second factor, Dr. Graham's testimony is significant because he is the only physician who can estimate the cost of the treatment Serigne needs to repair his deviated septum.[9] *See Betzel*, 480 F.3d at 707-08 (finding that the importance of the witness weighs in favor of allowing witness to testify).[10]

---

[7] R. Doc. 72.

[8] R. Doc. 88 at 2.

[9] *Id.*

[10] The Fifth Circuit has previously interpreted this factor to weigh against allowing the witness to testify. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996); *Geiserman*, 893 F.3d at 791. Its latest discussion of this factor, however, held that, while not dispositive, the importance of the witness weighs in favor of admitting the testimony. *Betzel*, 480 F.3d at 707-08; *see also Fisher v. United States*, No. 09-7038, 2011 WL 232181, at * 4 (E.D. La. Jan. 24, 2011) (following *Betzel's* application of the second factor). Following *Betzel*, we find that

As to the third factor, Serigne argues that defendants will not be prejudiced by adding Dr. Graham because Serigne gave defendants notice that Dr. Graham will be a treating physician on July 1, 2013. Further, Serigne identified his nose injury in his complaint, and his medical records disclosed his nose injury on June 1, 2013, and again on August 23, 2013. Defendants argue that they "have no idea of the exact nature of the problem for which Dr. Graham is treating plaintiff nor his treatment plan or prognosis for plaintiff."[11]

Dr. Graham is a treating physician and he may testify only about the actual treatment he rendered to plaintiff and opinions derived directly from his treatment. The Court will cure any potential prejudice to defendant by permitting defendant to obtain a medical expert and ordering plaintiff to make himself available for evaluation by defendants' expert. Plaintiff must produce all of his medical treatment records to defendants. Defendant is also authorized to depose Dr. Graham any time before the start of trial. In no other respects does this Court amend its scheduling Order, or any other deadline. Trial is set for August 19, 2013, which gives the parties ample time to accommodate these Orders without a continuance.

---

the importance of Dr. Graham's testimony weighs in favor of admission.

[11] R. Doc. 75-1 at 3.

Considering that Dr. Graham's testimony is significant, that this Court cured any potential prejudice to defendants by adjusting the scheduling Order, and that plaintiff offered a justification for his tardiness, the Court finds that the *Geiserman* factors weigh in favor of allowing Dr. Graham's testimony. *See Morgan v. Chet Morrison Contractors, Inc.*, No. 04-2766, 2008 WL 7602163, at *2-3 (E.D. La. July 8, 2008); *Gray v. Vastar Offshore, Inc.*, No. 04-1162, 2005 WL 399396, at *1 (E.D. La. Feb. 14, 2005).

## III. CONCLUSION

For the above stated reasons, Serigne's motion is GRANTED. The parties are ORDERED to comply with the instructions regarding Dr. Graham's testimony as stated above.


New Orleans, Louisiana, this 23rd day of July, 2013.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE